NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4385-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOSHUA T. STALLS,

 Defendant-Appellant.
__________________________________

 Submitted October 26, 2016 – Decided March 6, 2017

 Before Judges Accurso and Manahan.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Accusation No.
 13-04-0218.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Karen A. Lodeserto, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Erin M. Campbell,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Joshua Stalls appeals from a Law Division order

denying his petition for post-conviction relief (PCR) after oral

argument and an evidentiary hearing. We affirm substantially for
the reasons set forth in the comprehensive and well-reasoned,

sixteen-page written opinion of Judge Bernadette N. DeCastro. We

add only the following.

 Defendant was charged in Hudson County by accusation with one

count of second-degree endangering the welfare of a child, N.J.S.A.

2C:24-4(a). Defendant was also charged by complaint with one

count of aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and

two counts of child abuse, N.J.S.A. 9:6-1 and 6-3. The minor

victim of these sexual offenses was defendant's dance student and

family friend.

 In November 2012, the victim's mother reported to the Jersey

City Police that her daughter appeared uncomfortable and had been

scratching her vaginal area. In response to her questioning, the

victim stated that on multiple occasions, while she stayed at

defendant's residence, defendant reached into her underwear and

rubbed her vagina.

 In April 2013, defendant entered a guilty plea to second-

degree endangering the welfare of a child, N.J.S.A. 2C:24-4. The

remaining counts of the complaint were dismissed. Defendant

admitted that between September and November 2012, and while

responsible for her care, he committed certain sexual acts upon

the victim. At sentencing, defendant received a five-year flat

term in state prison, in accordance with the plea agreement.

 2 A-4385-14T1
Pursuant to the plea agreement, in addition to the applicable

fines and fees, the court imposed the requirements under Megan's

Law, Nicole's Law, and parole supervision for life. Defendant did

not file a direct appeal.

 Defendant filed a self-represented petition, which was

supplemented after he was assigned counsel. In the petition,

defendant argued his plea counsel provided ineffective assistance.

After hearing oral argument, the judge held defendant was entitled

to an evidentiary hearing.

 The evidentiary hearing took place over four days. The

hearing was limited to whether plea counsel incorrectly informed

defendant there was evidence of penetration. During the hearing,

defendant, defendant's mother, and Dr. Robert Berman, an expert

in the field of general gynecology, testified for the defense.

Defendant's plea counsel testified on behalf of the State. After

reviewing the submissions, the judge issued a written opinion

denying the PCR petition. This appeal followed.

 On appeal, defendant raises the following point:

 POINT I

 THE DECISION OF THE PCR COURT MUST BE REVERSED
 BECAUSE PLEA COUNSEL MISADVISED DEFENDANT
 ABOUT THE EVIDENCE AGAINST HIM.

 "Post-conviction relief is New Jersey's analogue to the

federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583,

 3 A-4385-14T1
593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

The test for ineffective assistance of counsel was formulated in

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.

2d 674 (1984), and adopted by our Supreme Court in State v. Fritz,

105 N.J. 42 (1987). To establish a deprivation of the Sixth

Amendment right to the effective assistance of counsel, a defendant

must satisfy the following two-pronged Strickland test: (1) that

counsel's performance was deficient and he or she made errors that

were so serious that counsel was not functioning effectively as

guaranteed by the Sixth Amendment to the United States

Constitution; and (2) that there exists a "reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, supra, 466

U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

 A defendant must overcome a strong presumption that counsel

rendered reasonable professional assistance. State v. Parker, 212

N.J. 269, 279 (2012) (citations omitted). If a defendant

establishes one prong of this test, but not the other, the petition

for PCR must fail. Id. at 280 (citing State v. Echols, 100 N.J.

344, 358 (2009)). Thus, both prongs of the Strickland test must

be satisfied before post-conviction relief may be granted.

Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed.

2d at 693.

 4 A-4385-14T1
 Both the United States Supreme Court and the New Jersey

Supreme Court have extended the Strickland test to challenges of

guilty pleas based on ineffective assistance of counsel. Lafler

v. Cooper, 566 U.S. 156, 162-63, 132 S. Ct. 1376, 1384-85, 182 L.

Ed. 2d 398, 406-07 (2012); Missouri v. Frye, 566 U.S. 134, 140,

132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379, 387 (2012); State v.

DiFrisco, 137 N.J. 434, 456-57 (1994).

 When petitioning for PCR, the defendant must establish by a

preponderance of the credible evidence that he or she is entitled

to the requested relief. Preciose, supra, 129 N.J. at 459. To

sustain that burden, the defendant must allege and articulate

specific facts which "provide the court with an adequate basis on

which to rest its decision." State v. Mitchell, 126 N.J. 565, 579

(1992).

 Our review of an order granting or denying PCR contains

consideration of mixed questions of law and fact. State v. Harris,

181 N.J. 391, 415-16 (2004), cert. denied, 545 U.S. 1145, 125 S.

Ct. 2973, 162 L. Ed. 2d 898 (2005). We defer to a PCR court's

factual findings and will uphold those findings that are "supported

by sufficient credible evidence in the record." State v. Nash,

212 N.J. 518, 540 (2013). However, a PCR court's interpretations

of law are provided no deference and are reviewed de novo. Id.

at 540-41.

 5 A-4385-14T1
 On appeal, defendant argues that the judge erred by failing

to find his plea counsel was ineffective for: (1) falsely informing

him that the State had evidence of penetration; (2) failing to

explain Megan's Law tier classifications; and (3) incorrectly

telling defendant his incarceration would not exceed sixteen

months. Thus, defendant contends he was misled by plea counsel

and induced into accepting the plea agreement. We disagree.

 In her decision, the judge addressed defendant's argument

that he was "misadvised" as to the evidence of penetration:

 [Defendant] claims that plea counsel
 incorrectly advised him that there was
 evidence of penetration which is an element
 of first-degree aggravated sexual assault.
 The [c]ourt finds that plea counsel's review
 of [defendant's] case was reasonable and he
 properly advised [defendant] that if the State
 presented the case to the [g]rand [j]ury he
 would be charged with first[-]degree
 aggravated sexual assault, for which sexual
 penetration is an element. At the evidentiary
 hearing, [plea counsel] credibly testified
 that he reviewed the discovery he received
 with [defendant] as well as the law pertaining
 to first[-]degree aggravated assault. [Plea
 counsel] had received a copy of both the
 child's and mother's fresh complaint
 statement, a video of [defendant]'s statement,
 and the physical evidence, i.e. the forensic
 sexual assault examination. The [c]ourt does
 not find [defendant's] testimony that [plea
 counsel] would not tell him how he knew there
 was penetration credible, especially in light
 of his own admission that he was aware that
 the child had undergone a forensic
 examination. Rather, [defendant's] claims
 that plea counsel refused to tell him the

 6 A-4385-14T1
source of the information that there was
evidence of penetration are self-serving in
nature. It is clear to the [c]ourt that
[defendant] had several discussions with [plea
counsel] regarding the State's ability to show
penetration as well as about the State's
evidence.

 . . . .

 In light of the State's evidence against
[defendant], it is completely self-serving for
him to now claim he would have rejected the
plea and insisted on going to trial. Much was
made about when [defendant] received the
discovery in this pre-indictment case. [P]lea
counsel testified that he reviewed all the
discovery that was provided to him with
[defendant] early in this case. Counsel was
clear that he based his recommendations on the
cumulative evidence in this case and not
simply from one piece of evidence. The record
is devoid of information indicating that
[defendant] was dissatisfied with his
attorney's advice or that he wished to proceed
to trial because he believed he was innocent.
In fact, [defendant] did not allege in his
certification nor testify at the evidentiary
hearing that he is innocent.

 The [c]ourt notes that even if
[defendant] were not charged with first[-
]degree aggravated sexual assault when the
case went before the [g]rand [j]ury, he would
have been charged with second-degree sexual
assault pursuant to N.J.S.A. 2C:14-2(b). Both
of these offenses are subject to the No Early
Release Act [(NERA)], which requires an
offender serve at least eighty-five percent
of their sentence before becoming eligible for
parole. N.J.S.A. 2C:43-7.2. Here,
[defendant] received the benefit of a pre-
indictment plea to second[-]degree
endangering the welfare of a child, which
carries a potential sentence of up to ten

 7 A-4385-14T1
 years. In exchange for his guilty plea, the
 State agreed to recommend a sentence of "five
 flat," which is at the bottom end of the
 second[-]degree range. In light of this very
 favorable plea offer and the State's evidence
 against [defendant], it is difficult for the
 [c]ourt to believe that [defendant] would have
 rejected the plea offer and proceeded to go
 to trial.

The judge then addressed defendant's Megan's Law argument:

 Here, [defendant's] claim that he was
 uninformed about the requirements of Megan's
 Law is belied by the record. When [defendant]
 pled guilty, Judge Rose asked [defendant] if
 he reviewed and answered all of the questions
 in the supplemental plea forms for certain
 sexual offenses. [Defendant] responded in the
 affirmative. Included in the supplemental
 plea forms, which [defendant] affirmed that
 he understood were the registration
 requirements of Megan's Law, the community
 notification requirements, and that he will
 be subject to provisions and conditions of
 parole, including conditions appropriate to
 protect the public and foster rehabilitation,
 such as restrictions on where he lives and
 works. Additionally, Judge Rose specifically
 asked [defendant] if he understood that he
 would have to register for Megan's Law and
 Parole Supervision for Life to which
 [defendant] responded in the affirmative.
 Accordingly, [defendant] has failed to
 demonstrate a prima facie case that plea
 counsel failed to inform [defendant] about
 Megan's Law.

Finally, the judge addressed defendant's argument regarding the

length of his sentence:

 [Defendant's] claim that plea counsel
 misinformed him about the length of his
 sentence is similarly rejected. Specifically,

 8 A-4385-14T1
 [defendant] claims that he was told by plea
 counsel he would only serve sixteen months.
 In the plea forms, which [defendant] signed
 and reviewed with plea counsel, it clearly
 indicates that [defendant] was only promised
 a "[f]ive [f]lat." While plea counsel and
 [defendant] may have been hoping he would
 receive parole in [sixteen] months, this was
 not a promise or guarantee made by plea
 counsel as to what would indeed happen.
 Similarly, the [p]arole [b]oard cannot be
 bound by such an understanding.

 We apply the Strickland standard and review the

reasonableness of counsel's assistance with "a heavy measure of

deference to counsel's judgments." State v. Martini, 160 N.J.

248, 266 (1999) (quoting Strickland, supra, 466 U.S. at 691, 104

S. Ct. at 2066, 80 L. Ed. 2d at 695). The judge aptly applied

this standard and concluded that defendant's arguments did not

support a finding of ineffective assistance of counsel. Moreover,

plea counsel's alleged failure to advise defendant regarding the

consequences of the plea deal is supported only by self-serving

assertions and bare allegations. See State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Here, we find counsel's performance with respect to his

representation of defendant — which included obtaining a favorable

plea agreement — was well within the minimum standard of effective

assistance of counsel.

 9 A-4385-14T1
 Similarly, we find no basis in the record to support

defendant's assertions that counsel was deficient or that he was

not functioning in a manner guaranteed by the Sixth Amendment.

See State v. Gaitan, 209 N.J. 339, 349-50 (2012) (citation

omitted), cert. denied, ___ U.S. ___, 133 S. Ct. 1454, 185 L. Ed.

2d 361 (2013). Therefore, we conclude defendant has not made out

a prima facie case of ineffective assistance of counsel. See

Preciose, supra, 129 N.J. at 463.

 Notwithstanding our determination as to the failure to make

out a prima facie case, we briefly address the second Strickland

prong. We hold with respect to the second prong, that defendant

has failed to demonstrate how any alleged deficiency resulted in

a prejudice that, "but for counsel's unprofessional errors, the

result of the proceeding would have been different." Strickland,

supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698;

Fritz, supra, 105 N.J. at 52 (citation omitted). When considering

the entire record, we are persuaded that the alleged deficiencies

here clearly fail to meet either the performance or the prejudice

prong of the Strickland test.

 Affirmed.

 10 A-4385-14T1